# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6163 | **DATE** | 7/27/2012 |
| **CASE TITLE** | HSBC Bank vs. Nicol | | |

**DOCKET ENTRY TEXT**

Accordingly, the Court grants HSBC's motion for judgment on the pleadings [17], as well as HSBC's motion to appoint a special commissioner [18].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff HSBC Bank USA, N.A., as indenture trustee for the Registered Noteholders of Renaissance Home Equity Loan Trust 2006-2, filed suit against Defendant Nancy Nicol to foreclose the mortgage on Nicol's residential property. HSBC moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Court grants HSBC's motion for judgment on the pleadings, (Doc. 17), and grants HSBC's motion to appoint a special commissioner, (Doc. 18).

When ruling on a motion for judgment on the pleadings or motion to dismiss, the Court must construe all allegations in the complaint in a light most favorable to the non-moving party and may consider documents incorporated by reference in the pleadings. *See Guise v. BMW Mortgage*, LLC, 377 F.3d 795, 798 (7th Cir. 2004). "A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the [non-movant] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Id.* at 798 (citing *Brunt v. SEIU*, 284 F.3d 715, 718-19 (7th Cir. 2002)).

Jurisdiction and venue are proper as HSBC's headquarters is in Virginia and Nicol is a citizen of Illinois whose property at issue is located in Illinois. (Doc. 1, Complaint ¶¶3-5; Doc. 1-3). *See* 28 U.S.C. §1332; 18 U.S.C. §1391. Nicol executed a contract on March 17, 2006, for a loan secured by a mortgage on her residential property. (Doc. 1-4). HSBC is the current mortgagee. (¶9; Doc. 1-5). The mortgage is in default due to Nicol's failure to make any payments since May 2011. (¶9). There remains an outstanding balance of $259,023.01 with interest accruing daily. (¶9). HSBC initiated proceedings to foreclose on Nicol's property on September 4, 2011, and duly provided her with proper notice. (¶7; Doc. 1). Nicol filed an Answer to the Complaint in which she concedes the loan, does not contest her default, and contends no affirmative defenses. (Doc. 15). Consequently those allegations are deemed admitted. *See* Fed. R. Civ. P. 8(b); *see also Fleet Real Estate Funding Corp. v. Stevens*, 1994 U.S. App. LEXIS 32665 (7th Cir. Nov. 15, 1994) ("[Plaintiff mortgagee] alleges a mortgage loan and non-payment. [Defendant homeowner] concedes the loan and does not contend that she paid

**STATEMENT**

the debt. Thus plaintiff is entitled to judgment unless the defenses present some material dispute requiring resolution. They do not."). In addition, Nicol has failed to respond in any way to the current motion for judgment on the pleadings, including the affidavit from an authorized agent of the mortgage servicer attesting to the total indebtedness due. (Doc. 17-3). Even when construing HSBC's allegations in a light most favorable to Nicol, she has made no allegation and appears to be unable to prove any fact that would preclude judgment in favor of HSBC. Consequently, there remain no material issues of fact to be resolved and HSBC is entitled to judgment on the pleadings. Accordingly, the Court grants HSBC's motion for judgment on the pleadings, as well as HSBC's motion to appoint a special commissioner.